# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          SUPERIOR COURT DEPT.
                                                       OF THE TRIAL COURT

FRANK CORP. ENVIRONMENTAL SERVICES,
**Plaintiff,**

v.                                                    C. A. No. 21 CV 1110

LARS VINJERUD, II, VIKING POWER, LLC,
and FLEET MANAGEMENT GROUP, LLC,
**Defendants,**

   and

BAYCOAST BANK,
**Trustee Process Defendant.**



## VERIFIED COMPLAINT

1. This breach of contract and Chapter 93A case claims seeks monetary damages and equitable relief for unpaid invoices totaling $461,322.08.

2. On August 30, 2021, the "Miss Dunia," an 82' yacht owned by the defendant, Lars Vinjerud, II, and maintained by him as part of his consortium of fishing and related businesses that includes Fleet Marina, New Bedford, caught fire during a dinner party while docked at Fleet Marina *See* Articles, **Ex. A**.

3. The defendants immediately hired the plaintiff to perform emergency response services to address the environmental hazards and other risks associated with the fire, and they signed a written contract establishing the terms of the retention. *See* Contract, **Ex. B**.

4. The plaintiff fully performed as requested and is continuing to perform residual response services, to the direct benefit of the defendants.

5. The defendants requested, received, and accepted the services and their benefits; they made a single partial payment for them, thus acknowledging their obligation and enticing continued performance by the plaintiff; but they have made no further payments even as they have continued to request and receive additional services. *See* Draft, **Ex. C**; A/R Report, **Ex. D**; and Invoices, **Ex. E**.

6. On November 30, 2021, the plaintiff served written demand on the defendants under Chapter 93A, cautioning as follows: "This demand is not a prerequisite to Frank Corp's right to commence a lawsuit against Viking under Section 11 of Chapter 93A, which it may do at any time." *See* Demand, **Ex. F**.

7. The defendants have acknowledged receiving the demand but as yet have made no substantive response or provided any further payment since receiving the demand.

8. The defendants thus remain in breach of contract as well as Chapter 93's proscription against "stringing along"; and they have forced the plaintiff to bring this action and incur accruing attorney's fees to collect its due.

## PARTIES

9. Plaintiff Frank Corp. Environmental Services ("Frank Corp.") is a Massachusetts corporation with a principal office at 615 Tarkiln Hill Road, New Bedford, Massachusetts.

10. Defendant Lars Vinjerud, II ("Vinjerud"), is an individual with dual residences in Florida and at 32 Nakata Avenue, Fairhaven, Massachusetts; conducting business at 20 Blackmer Street, New Bedford, Massachusetts; the owner of the Yacht; and the owner and Manager of the other defendants.

2

11. Defendant Viking Power, LLC ("Viking"), is a Florida limited liability company with a principal office at 20 Blackmer Street, New Bedford, Massachusetts; and Vinjerud is its owner and Manager.

12. Defendant Fleet Management Group, LLC ("Fleet"), is a Massachusetts limited liability company with a principal office at 20 Blackmer Street, New Bedford, Massachusetts; and Vinjerud is its owner and Manager.

13. Trustee Defendant Baycoast Bank is a Massachusetts corporation with a principal office at 330 Swansea Mall Drive, Swansea, Massachusetts, and a usual place of business located at 8 Foxborough Boulevard, Foxborough, Norfolk County, Massachusetts.

## JURISDICTION AND VENUE

14. This Court has subject matter and personal jurisdiction over the parties and claims pursuant to Mass. Gen. L. c. 223A, §§ 2, 3, because the parties maintain places of business in Massachusetts, transact business in Massachusetts, and supply goods or services from which they derive substantial revenue in Massachusetts, and the alleged wrongdoing and harm is taking place in Massachusetts.

15. This Court is the proper venue for this action, pursuant to Mass. Gen. L. c. 246, § 2, because this is one of the counties in which the Trustee Defendant, Baycoast Bank, has a "usual place of business."

## ADDITIONAL FACTS

16. The defendant, Vinjerud, owns the M/Y "Miss Dunia," an 82' Horizon pleasure yacht manufactured in Taiwan in 2007 (the "Yacht"), which he regularly docked and maintained at Fleet Marina, 226 Popes Island, New Bedford, Massachusetts (the "Marina"), which he also owns and operates (directly and/or through holding companies).

3

17. On August 30, 2021, the Yacht caught fire during a dinner party (the "Fire") while docked at the Marina. *See* Articles, Ex. A.

18. On August 30, 2021, Vinjerud retained Frank Corp. and (through Frank Corp.) Tucker Roy Marine Towing & Salvage, Inc. ("Tucker Roy"), to provide emergency environmental and related services in response to releases and threatened releases of fuel oil and other substances and solid wastes into the environment (the "Services").

19. The Services were intended to (and did) benefit the environment and the Marina itself, as well as the defendants' related business and other interests.

20. On August 30, 2021, Vinjerud signed a written contract for the Services, which contract identified Vinjerud as the "Person Authorizing the Work" and as the "Customer"; and additionally identified Viking as Vinjerud's "Company Name." *See* Contract, Ex. B.

21. The contract includes detailed terms and conditions, include the following:

   a. The customer shall pay within 15 days of being invoices, and finance charges of 1.5%/mos. shall commence after 30 days [¶ 6].

   b. If "collection efforts be required the customer shall be responsible for all collection costs, including but not limited to court fees, attorney fees and all other costs incurred by" Frank Corp. [¶ 7].

   c. "The customer agrees that it is directly liability for the services … and in no event will the collection from the insurance company delay the payment to" Frank Corp. [¶ 10].

   d. The contract is binding on the signatory (Vinjerud) and "his partners, successors, assigns and/or legal representation" [¶ 16].

22. At all times in performing the Services, Frank Corp. has dealt with Vinjerud as the customer, and it has directed invoices to Vinjerud and Viking at their shared offices at 20 Blackmer Street, New Bedford, Massachusetts.

4

23. At all times, Vinjerud and Viking requested, received, and benefitted from the Services, and it has repeatedly acknowledged (and never denied) its obligation to pay for them.

24. The A/R Report appended hereto (**Ex. D**) and included with Frank Corp.'s Chapter 93A demand letter shows an outstanding balance due of $461,322.08, including finance charges accrued through November 23, 2021.

25. The seven (7) invoices appended hereto (**Ex. E**) and included with Frank Corp's Chapter 93 demand letter provide extensive detail and backup documentation concerning the provided Services.

26. The most intensive Services were provided between August 30 and October 18, 2021; they are described and documented by Frank Corp. Invoice Nos. 24300 and 24362; and they concerned the following Services (without limitation):

    a. <u>August 30</u>: *"Emergency spill response to a boat fire at Fleet Marina – The Miss Dunia. Contain oil release and boom watch."*

    b. <u>August 31</u>: *"Boom watch overnight. Cleanup of oil soaked absorbents. Plance and replace spent absorbents and place in drum. Reset boom and place additional boom at the direction of the LSP and DEP, USCG. Diver recon dive."*

    c. <u>September 1</u>: *"Removed soaked absorbent and replace. Remove soaked debris. Adjust harbor boom to accommodate barge w/crane and tug. Place air bags for recovery pumps and salvage equipment and material. Divers plugging holes. Maintain boom and place spent absorbet in drums."*

    d. <u>September 2</u>: *"Change out absorbent. Escort vessels to Fairhaven Shipyard. Lift vessel and place on barge. Barge w/vessel taken t Revere Copper site. Place boom around vessel at the direction of the LSP. Place sweep around vessel and secure."*

    e. <u>September 3</u>: *"Remove spent absorbent and place in drums. Remove harbor boom from Fleet Marina. Escort the LSP around New Bedford Harbor to confirm sheen from da before and look for floating absorbents and debris. Decon skiff and boom."*

    f. <u>September 7</u>: *"Place flares, compressed air for life boat. Pour off fire foam with PFAS into drum. Place all debris and burned harbor boom into roll off for*

5

*disposal. Label all drumps for disposal. LSP engineering services. Place oil debris in drums."*

g. September 8: *"Clean NBFD boat and Harbormaster boat. Transportation of drums for disposal."*

h. September 10: *"Remove debris at the direction of the inspectors. True value material to plug holes in hull during recovery. Transportation and disposal of PFAs drums."*

i. October 18: *"Disposal of burned harbor boom and large debris. Invoice for rental of barge. Harbor boom rental."*

27. The remaining invoices of Frank Corp. reflect the continuing provision of Services between October 26 and November 22, 2021, mostly for *"barge and harbor boom rentals and maintenance."*

28. On November 5, 2021, the defendants made a single, partial payment to Frank Corp. in the amount of $95,517.07, drawn on the check of Fleet Management Group, LLC, Vinjerud's operating entity for the Marina (on information and belief). *See* Draft, Ex. C.

29. The check stub stated that it was in payment of 3 of the 7 outstanding invoices of Frank Corp., to wit, Nos. 24362 ($77,524.27), 24369 ($8,996.40), and 24378 ($8,996.40).

30. The receipt of the foregoing partial payment together with the express and repeated promises of Vinjerud to make further payments enticed Frank Corp. to provide additional Services.

31. No further payments have been made for the Services.

32. In making and breaching its promises to pay, Vinjerud and his entities have acted deliberately to get Frank Corp. to continue to provide the Services, which has occurred.

33. Vinjerud has stated to Frank Corp. that his failure to make further payments is the fault of his insurer for the Yacht, which has not yet come through with sufficient coverage.

6

34. In response, Frank Corp. has repeatedly reminded Vinjerud that the defendants are contractually obligated to pay regardless of insurance coverage, which Vinjerud did not deny.

35. The defendants accepted and benefitted from the Services without expressing any complaint or criticism concerning their appropriateness, adequacy, or otherwise, but have not fully paid for them.

36. The defendants received the invoices of Frank Corp. without expressing any complaint or criticism concerning their appropriateness, accuracy, or amount.

37. The defendants accepted, and acted consonantly with having accepted, the contractual Terms and Conditions without expressing any complaint or objecting to any of them.

38. The defendants acted in concert with each other and as each other's agent, representative, and *alter ego* in with the connection with the Services and Invoices.

39. The defendants' conduct herein was authorized, orchestrated, and controlled in all respects by Vinjerud, including as the Member and Manager of Viking and Fleet, and individually as the owner of the Yacht.

## COUNT I
### (Breach of Contract)

40. The plaintiff repeats the allegations contained in the preceding paragraphs as if restated herein.

41. The plaintiff and the defendants contracted in writing for the Services (Ex. B).

42. The binding contractual Terms and Conditions (Ex. B) specify that, *inter alia*, (A) all invoices shall be paid within "fifteen (15) days from the date of the invoice," and after 30 days, a "service or finance charge equal to 1.5% per month on any unpaid balance" shall accrue; (B) the defendants shall be responsible for the foregoing plus "all collection costs, including but not limited to court fees, attorney fees and all other costs incurred by" the plaintiff; (C) the

defendants are "directly liability for the services ... and in no event will the collection from the insurance company delay the payment to" Frank Corp.; and (D) the contract is binding on the signatory (Vinjerud) and "his partners, successors, assigns and/or legal representation."

43. At the request of the defendants, the plaintiff performed the Services contemplated and governed by the contract.

44. The defendants received the full benefit of the Services but have only made a single, partial payment in the amount of $95,517.07 (Ex. C).

45. The defendants have made no additional payments on the Invoices which are overdue and now total $461,322.08, including finance charges through November 23, 2021.

46. The defendants breached the contract by accepting and benefitting from the services without paying for them, in whole or part, and by otherwise disregarding and evading its contractual obligations.

47. As a direct and proximate result of foregoing, the plaintiff has been harmed and damaged in amount not less than $461,322.08, plus reasonable attorney's fees and costs incurred in connection with this matter in an amount to be determined, equitable relief, and such other and additional damages as were reasonably foreseeable at the time of contracting.

## COUNT II
### (Violation of Chapter 93A, §§ 2, 9, 11)

48. The plaintiff repeats the allegations contained in the preceding paragraphs as if stated herein.

49. The defendants are engaged in trade and commerce in Massachusetts.

50. The defendants engaged in the wrongdoing described herein while engaging in their normal or customary business practices in Massachusetts.

8

51. Without cognizable excuse, the defendants failed to timely pay sums due to the plaintiff per the invoices of the plaintiff.

52. In making a partial payment, the defendants acknowledged their debt and acted to string along the plaintiff to get it to continue to provide additional Services.

53. In failing to pay and seeking to condition payment on receiving coverage or monies from its insurer, and in continuing to accept Services, the defendants have acted unfairly and deceptively in breach of known contractual obligations.

54. The defendants' unfair and deceptive scheme includes gross negligence, recklessness, and/or intentional misconduct.

55. The defendants' unfair and deceptive scheme has forced the plaintiff to incur and to continue to incur accruing attorney's fees to collect its due and receive the benefit of its contractual bargain; and the defendants have additionally harmed the plaintiff's ability to conduct business in the normal course, including with Tucker Roy which has not been paid as a subcontractor to the plaintiff.

56. The defendants have willfully committed unfair and deceptive acts in conflict with Chapter 93A, Massachusetts law, and standards of acceptable business practices.

57. As a direct and proximate result of foregoing, the plaintiff has been harmed and damaged in amount not less than $461,322.08, plus reasonable attorney's fees and costs incurred in connection with this matter in an amount to be determined, equitable relief, and such other and additional damages as were reasonably foreseeable at the time of contracting.

## COUNT III
### (Unjust Enrichment/Quantum Meruit)

58. The plaintiff repeats the allegations contained in the preceding paragraphs as is fully restated herein.

59. The defendants requested, accepted, and benefitted, directly or indirectly, from the services described herein rendered by the plaintiff.

60. The defendants did not duly pay for the services received and has thus been unjustly enriched at the expense of the plaintiff.

61. If for any reason the contract between the plaintiff and the defendants is found to be unenforceable or inapplicable in any respect (it should not be), the defendants are equitably obligated to pay for the fair value of the Services.

62. The invoices of Frank Corp. for this matter are reasonable in amount.

63. As a direct and proximate result of foregoing, the plaintiff has been harmed and damaged in amount not less than $461,322.08, plus reasonable attorney's fees and costs incurred in connection with this matter in an amount to be determined, equitable relief, and such other and additional damages as were reasonably foreseeable at the time of contracting.

64. This remedy is being pleaded as an alternative to Count I.

## COUNT IV
### (Trustee Process Against Citizens Bank)

65. The plaintiff repeats the allegations contained in the preceding paragraphs as if restated herein.

66. There is no known insurance available to cover the claims herein of the plaintiff against the defendants, and no such coverage is reasonably likely to become available, as is evident by the lack of payment received and repeated complaints of the defendants that they cannot pay Frank Corp. because its insurer refuses to cover the amounts due.

67. Trustee Process is available under Rule 4.2, Mass. R. Civ. P., and Mass. Gen. L. c. 246, and none of the exceptions apply.

68. The defendant, Fleet Management, and possibly other of the defendants, maintain business-related accounts (checking, savings, money market, CDs, or investment) at Baycoast Bank, as is evident from the Draft (Ex. C).

69. A reasonable likelihood exists that the plaintiff will recover judgment in an amount equal to or greater than $461,322.08.

70. Absent *ex parte* relief, a clear danger exists that the defendants will withdraw the funds from the bank and act to conceal the funds.

### Prayer for Relief

WHEREFORE, the plaintiff respectfully requests this Court to enter judgment against the defendants, jointly and severally, in the following amounts and manners:

(A) Award all damages, legal and equitable, including (without limitation) compensatory, consequential, equitable, exemplary, monetary, punitive, double, treble, statutory, and every other form or type of damages to which the plaintiff may be entitled; and

(B) Award the plaintiff its costs, reasonable attorney's fees, and expenses incurred in connection with this action and its related collection efforts; and

(C) Award the plaintiff pre- and post-judgment interest at the contractual rate of 1.5% per month; and

(D) Award the plaintiff equitable relief that includes enforcing the Limited Assignment of Rights; and

(E) Enter an Order of Attachment on Trustee Process by first approving *ex parte* an Order of Attachment on Trustee Process and attaching the accounts and funds of the defendants held by the Trustee Defendant in the amount not less than $461,322.08; and by then entering a final Order of Trustee Process in the total amount of the final Judgment herein; and

(F) Award such further and additional relief as may be available and warranted under the circumstances of this case.

### DEMAND FOR JURY TRIAL

The plaintiff hereby demands a trial by jury on all claims and defenses so triable.

Respectfully submitted,
PLAINTIFF FRANK CORP. ENVIRONMENTAL SERVICES,
By its attorneys,

Jeffrey B. Renton, Esq. (BBO # 554032)
Renton Legal PLLC
78 Bellevue Road
Andover, MA 01810
978-809-0129
jrenton@rentonlegal.com

DATE: December 14, 2021

## VERIFICATION AND CERTIFICATION

I, Kirk Franklin, President, Frank Corp. Environmental Services, Inc., hereby state and affirm, on this 14th day of December 2021, under the pains and penalties of perjury, that I have read this Verified Complaint and, to the best of my knowledge and belief, (i) the factual allegations and statements contained herein are true, correct, and complete in all material respects; and (ii) the exhibits attached hereto are true, correct, and complete copies and representations of what they purport to be in all material respects.

I, Kirk Franklin, certify, pursuant to Mass. R. Civ. P. 4.2, my understanding and belief, based on the comments made by the defendant, Lars Vinjerud, II, that the defendants do not have available liability insurance to pay the unpaid invoices and finance charges of Frank Corp.

Kirk Franklin, President
Frank Corp. Environmental Services