## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civil Action
No: 21-cv-12081-NMG**

**COMPLAINT OF VIKING POWER, LLC
FOR EXONERATION FROM OR
LIMITATION OF LIABILITY,
CIVIL AND MARITIME**

## SUPPLEMENTAL MEMORANDUM OF LAW CONCERNING
## LIMITATION OF LIABILITY PRACTICE

Now comes the Plaintiff, Viking Power, LLC, in the above-captioned civil action, by its counsel, Clinton & Muzyka. P.C., and respectfully submits its Supplemental Memorandum of Law concerning Limitation of Liability Practice in response to the Court's *ex parte* query concerning recent *ex parte* filings.

### I. THE SHIPOWNER'S LIMITATION OF LIABILITY ACT

The Shipowner's Limitation of Liability Act (the "Limitation Act") resides at Chapter 305 of Title 46 U.S.C. See 46 U.S.C. §§ 30501-30512. Enacted in 1851, the Limitation Act was passed to encourage investment in U.S. shipping "and to put American shipowners on a footing equal to shipowners hailing from other commercial seafaring nations, particularly Great Britain." *Kreta Shipping, S.A. v. Preussag Intern. Steel Corp.*, 192 F.3d 41, 44, 1999 A.M.C. 2858 (2d Cir. 1999) citing to *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150 (1957) see also T. Schoenbaum, *Admiralty & Maritime Law*, § 13-1, 742 (6th ed. 2019) and Grant Gilmore & Charles Black, Jr., *The Law of Admiralty*, § 10-2 n.5, at 819 (2d. ed. 1975).

"The Limitation Act provides that a shipowner may . . . petition a United States District Court for limitation of its potential liability to an amount equal to the value of the

owner's interest in the vessel plus the value of the vessel's pending freight." *Id*. citing to 46 U.S.C. § [30505].

A vessel's fair market value is to be determined "as of the end of the voyage on which the loss or damage occurs." *Carr v. PMS Fishing Corp.*, 191 F.3d 1, 4, 1999 A.M.C. 2958 (1st Cir. 1999) citing to *Petition of Zebroid Trawling Corp.*, 428 F.2d 226, 228 (1st Cir. 1970). See also Charles M. Davis, *Maritime Law Deskbook*, 545 (2016) (A vessel's value at the end of the voyage is the fair market value of the vessel or what is left of her when the voyage ends) (internal citations omitted); Grant Gilmore & Charles L. Black, Jr., *The Law of Admiralty*, § 10-1, 818 (2d ed. 1975) (". . . to whatever value the ship may have after the event – e.g. a few strippings from the wreck."). This is the Limitation Fund. The court has the authority pursuant to 46 U.S.C. § 30511, to increase or reduce the amount of the limitation fund "from time to time as necessary." 46 U.S.C. § 30511(b)(1)(B).

## II.    PRACTICE AND PROCEDURE

The Limitation of Liability Act was enacted to protect maritime commerce. In order to effectuate it, Rule F of the Supplemental Rules for Admiralty and Maritime Claims was promulgated as the procedural practice to be followed. Prior to Fed. R. Civ. P. Supp. Rule F, Admiralty Rule 51[1] was the methodology for perfecting Limitation of Liability. In 1966, the limitation procedure transitioned from Admiralty Rule 51 et. al. to Fed. R. Civ. P. Supp. Rule F.

Practice under Rule F is not typical as compared to claim-based civil actions. Instead, it is a *defensive* civil action where liability exposure is established pursuant to

---

[1] *See Exhibit "A" attached.*

Rule F's strictures. The custom and practice to perfect the Limitation Complaint in all United States Federal District Courts since 1966 has been by Rule F and by *ex parte* action of the Court. Once the injunction Rule F(3) and monition Rule F(4) have issued, and after all Claimants have filed their respective Claims Rule F(5), issue is then joined and the remainder of the civil action proceeds similarly to other civil litigation.

One of the greatest benefits of bringing a civil action under the Limitation Act is the stay of all pending proceedings and monition to bring all claims arising from the underlying casualty in concursus before a single federal district court. This is accomplished pursuant to Rule F.

Under Rule F, "upon compliance by the owner with the requirements of subdivision (1) of this rule [filing the Complaint and Security] all claims and proceedings against the owner or the owner's property . . . shall cease." Supp. Rule F(3). This subsection of Rule F was written in obedience with 46 U.S.C. § 30511(c): "When an action has been brought under this section and the owner has complied with subsection (b) [creation of the fund], all claims and proceedings against the owner related to the matter in question shall cease." *Id*.

There are several steps precedent to the effectuation of monition and concursus. These preliminary steps are, by default, an *ex parte* practice as there is no joinder until monition and concursus are achieved. See *e.g.*, Christopher S. Morin, *The 1851 Shipowners' Limitation of Liability Act: A Recent State Court Trend to Exercise Jurisdiction Over Limitation Rights*, 28 Stetson L. Rev. 419, 427 (1998) (Once the complaint is filed and the fund is constituted, the court, *ex parte*, issues an injunction barring the prosecution of any claim against the vessel owner *in personam* or against the

vessel *in rem* in any proceeding other than the limitation case.) (internal citations omitted).

In addition, the U.S. Supreme Court in *Langnes v. Green*, related, without rebuke, the manner in which a federal court, "***by an ex parte proceeding***[,] had the [vessel] appraised, paid the appraised value into the registry of the court, and obtained an injunction restraining the prosecution of the action in the state court." 282 U.S. 531, 542, 1931 A.M.C. 511 (1931) (our emphasis added). In fact, the U.S. Supreme Court stated that doing so "seems to us entirely sound." *Id*. The limitation action discussed in *Langnes* was *The Lotta*. See 150 F. 219, 220 (D. S.C. 1907).

The following is an itemization of *ex parte* steps necessary to set the period for monition and to achieve concursus/joinder:

1. The filing of a Verified Complaint for Exoneration or Limitation of Liability – Rule F(1);

2. Motion for the Appointment of an appraiser to determine the value of the vessel and her pending freight, if any;

3. An Order appointing an appraiser;

4. The submission of an appraisal;

5. An Order approving the appraisal;

6. Deposit of the appraised amount into Court as the Limitation Fund;

7. Motion for Order Directing Issuance of Notice and Restraining Suits.

Upon issuance of the Order Directing Issuance of Notice and Restraining Suits, the monition period is set and the Plaintiff publishes formal Notice of the monition period once per week for four (4) consecutive weeks and sends written Notice of the same to all

known claimants. The Claimants then have until the expiration of the monition period to file their claims with this Court. <u>See</u> <u>generally</u> Rule F.

Once joined, "[a]ny claimant may by motion demand that the funds deposited in court . . . be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight." Rule F(7) <u>see</u> <u>also</u> T. Schoenbaum, *Admiralty and Maritime Law*, § 13-6, 756 (6th ed. 2019) (The court must order an appraisal and may order an increase or reduction in the security.) <u>citing</u> <u>to</u> *Complaint of Caribbean Sea Transport, Ltd.*, 748 F.2d 622, 1985 A.M.C. 1995 (11th Cir. 1984), <u>amended</u> 753 F.2d 948 (11th Cir. 1985). As such, there is no prejudice to any of the potential Claimants concerning the *ex parte* allowance of the preliminary steps outlined above. None of their rights are affected and judicial economy is achieved. This is especially true in the instant case where the Vessel is being charged a daily storage rate of $500.00.

## III. CONCLUSION

Procedurally, the value of the vessel must be determined prior to the assignment of a monition period and the realization of concursus so that security may properly be paid into the court. There is no joinder of other parties until concursus is achieved and the monition period has ended. As such, the practice leading up to concursus is *ex parte* in nature.

**WHEREFORE,** the Plaintiff, Viking Power, LLC, prays that its Memorandum of Law adequately responds to this Court's *ex parte* query.

**VIKING POWER, LLC**

By its attorneys,
**CLINTON & MUZYKA, P.C.**

 */s/ Thomas J. Muzyka*
**Thomas J. Muzyka**
**BBO NO: 365540**
**John J. Bromley**
**BBO NO: 672134**
Board of Trade Building
One India Street, Suite 200
Boston, MA 02109
Tel: (617)723-9165
Fax: (617) 720-3489
tmuzyka@clinmuzyka.com
jbromley@clinmuzyka.com

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 21, 2022.

 */s/ Thomas J. Muzyka*
Thomas J. Muzyka