# EXHIBIT A

I. They shall contain the following:
A. The style of the court.
B. The names of the parties, setting forth the original parties, and those who have become parties before the appeal, if any change has taken place.
C. If bail was taken, or property was attached or arrested, the process of the arrest or attachment and the service thereof, all bail and stipulations, and, if any sale has been made, the orders, warrants, and reports relating thereto.
D. The libel, with exhibits annexed thereto.
E. The pleadings of the respondent or claimant with the exhibits annexed thereto.
F. The testimony as taken on the part of the libellant, and any exhibits not annexed to the libel.
G. The testimony as taken on the part of the respondent or claimant and any exhibits not annexed to his pleadings.
H. Any orders and opinions of the court.
I. Any report of a commissioner or assessor, if excepted to, with the orders of the court respecting the same, and the exceptions to the report. If the report was not excepted to, only the fact that a reference was made, and so much of the report as shows what results were arrived at by the commissioner or assessor are to be stated.
J. The final decree.
K. The notice of or prayer for an appeal, and the assignment of errors.

II. The following shall be omitted:
A. The continuances.
B. All motions, rules, and orders which are merely preparatory for trial and to which no exception was taken or error assigned.
C. The commissions to take depositions, notices therefor, their captions, and certificates of their being sworn to, unless some exception to a deposition in the District Court was founded on some one or more of these; in which case so much of either of them as may be involved in the exception shall be set out. In all other cases it shall be sufficient to give the name of the witness, and to copy the interrogatories and answers, and to state the name of the commissioner, and the place where and the date when the deposition was sworn to; and in copying all depositions taken on interrogatories, the answer shall be inserted immediately following the question.

III. The clerk of the District Court shall page the copy of the record thus made up, and shall make an index thereto, and he shall certify the entire document at the end thereof under the seal of the court, to be a transcript of the record of the District Court in the cause named at the beginning of the copy made up pursuant to this rule.

IV. In making up the record to be transmitted to the Circuit Court of Appeals, the clerk of the District Court shall omit therefrom any of the pleadings, testimony or exhibits which the parties, by their proctors, shall, by written stipulation, agree may be omitted; and shall receive and include in the record any statement of the case which may be signed by the proctors showing how the questions arose and were decided in the District Court and setting forth so much only of the facts alleged and proved, or sought to be proved, or of the evidence thereof, as is essential to a decision of such question by the appellate court, and such stipulation and statement shall be filed and certified up with the record.

HISTORICAL NOTE

This rule supersedes former rule 52.
The superseded rule was substantially identical with the present rule except that it referred to the "Circuit Court" as the Appellate Court.

CHANGE OF NAME

Act June 25, 1948, ch. 646, § 32 (a), 62 Stat. 991, eff. Sept. 1, 1948, as amended by act May 24, 1949, ch. 139, § 127, 63 Stat. 107, changed "circuit court of appeals" to "court of appeals".

RULE 50. SECURITY ON CROSS-LIBEL

Whenever a cross-libel is filed upon any counter-claim arising out of the same contract or cause of action for which the original libel was filed, and the respondent or claimant in the original suit shall have given security to respond in damages, the respondent in the cross-libel shall give security in the usual amount and form to respond in damages to the claims set forth in said cross-libel, unless the court, for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security be given unless the court otherwise directs.

HISTORICAL NOTE

This rule supersedes former rule 53.
The rule superseded read as follows: "Whenever a cross-libel is filed upon any counterclaim, arising out of the same cause of action for which the orig'nal libel was filed, the respondents in the cross-libel shall give security in the usual amount and form, to respond in damages, as claimed in said cross-libel, unless the court, on cause shown, shall otherwise direct; and all proceed'ngs upon the original libel shall be stayed until such security shall be given."

RULE 51 LIMITATION OF LIABILITY—HOW CLAIMED

The owner or owners of any vessel who shall desire to claim the benefit of limitation of liability provided for in the third and fourth sections of the Act of March 3, 1851, entitled "An Act to limit the liability of shipowners and for other purposes" (Sections 183 to 189 of Title 46 of the U. S. Code) as now or hereafter amended or supplemented, may file a petition in the proper District Court of the United States, as hereinafter specified. Such petition shall set forth the facts and circumstances on which limitation of liability is claimed, and pray proper relief in that behalf. It shall also state facts showing that the petition is filed in the proper district; the voyage on which the demands sought to be limited arose, with the date and place of its termination; the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort, arising on that voyage, so far as known to the petitioner, and what suits, if any, are pending thereon; whether the vessel was damaged, lost or abandoned, and, if so, when and where; the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings or proceeds, if any, and where and in whose possession they are; and the amount of any pending freight recovered or recoverable. If any of the above particulars are not fully known to the petitioner, a statement of such particulars according to the best knowledge, information, and belief of the petitioner shall be sufficient. With his petition the petitioner may, if he so elects, file an interim stipulation, with sufficient sureties or an

approved corporate surety, for the payment into court whenever the court shall so order, of the aggregate amount of the value of petitioner's interest in the vessel at the close of the voyage or, in case of wreck, the value of the wreckage, strippings or proceeds, and of any pending freight recovered or recoverable, with interest at six percent per annum from the date of the stipulation, and costs. If such interim stipulation is filed, it shall be accompanied by an affidavit or affidavits of a competent person or persons corroborating the statement in the petition as to value of the vessel, or her wreckage, etc., and her freight. Said court, having caused due appraisement to be had of the value of petitioner's interest in the vessel, or her wreckage, etc., and her freight shall make an order for the payment of the same into court, or for the giving of a stipulation, with sufficient sureties or an approved corporate surety, for the payment thereof into court with interest at six percent per annum from the date of the stipulation, whether interim or final, and costs, whenever the same shall be ordered; or, if the petitioner shall so elect, the court without such appraisement shall make an order for the transfer by the petitioner of his interest in such vessel, or her wreckage, etc., and freight to a trustee to be appointed by the court under the fourth section of said Act.

If a surrender of petitioner's interest in the vessel or her wreckage, etc., is offered to be made to a trustee, the petition must further show any prior paramount liens thereon, and what voyage or trips, if any, she has made since the voyage or trip on which the claims sought to be limited arose, and any existing liens arising upon any such subsequent voyage or trip, with the amounts and causes thereof, and the names and addresses of the lienors, so far as known; and whether the vessel sustained any injury upon or by reason of such subsequent voyage or trip.

Upon the filing of such interim stipulation, or upon determination of value by appraisal and compliance with the court's order with respect thereto, or upon compliance with a surrender order, as the case may be, the court shall issue a monition against all persons asserting claims in respect to which the petition seeks limitation, citing them to file their respective claims with the Clerk of said court and to serve on or mail to the proctors for the petitioner a copy thereof on or before a date to be named in said writ which shall be not less than 30 days after issuance of the same, which time the court, for cause shown, may enlarge.

Notice of the monition shall be published in such newspaper or newspapers as the court by rule or order may direct in substantially the following form, once in each week for four successive weeks before the return day of the monition:

United States District Court
District of

Notice of Petition for Exoneration from or Limitation of Liability

(Filed _____)

Notice is given that _____ has filed a petition pursuant to Title 46, U. S. Code, §§ 183—189, claiming the right to exoneration from or limitation of liability for all claims arising on the voyage of the vessel _____ from _____ to _____ terminating on _____.

All persons having such claims must file them, under oath, as provided in United States Supreme Court Admiralty Rule 52, with the Clerk of this Court, at the U. S. Court House at _____ and serve on or mail to the petitioner's proctors _____ at _____ a copy on or before _____ or be defaulted. Personal attendance is not required.

Any claimant desiring to contest the claims of petitioner must file an answer to said petition, as required by Supreme Court Admiralty Rule 53, and serve on or mail to petitioner's proctors a copy.

----------------------------------
U. S. Marshal.

The petitioner not later than the day of second publication shall also mail a copy of the above notice (copy of the monition need not be mailed) to every person known to have made any claim against the vessel or the petitioner arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice, together with a copy of Rule 52, shall be mailed to the decedent at his last-known address, and also to any person who shall be known to have made any claim on account of such death.

The said court shall also, on the application of the petitioner, make an order to restrain the further prosecution of all and any suit or suits against the petitioner and/or said vessel in respect to any claim or claims subject to limitation in the proceeding. As amended June 21, 1948.

HISTORICAL NOTE

This rule supersedes former rule 54.

The rule superseded read as follows: "When any ship or vessel shall be libeled, or the owner or owners thereof shall be sued, for any embezzlement, loss, or destruction by the master, officers, mariners, passengers, or any other person or persons, of any property, goods, or merchandise shipped or put on board of such ship or vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture done, occasioned, or incurred, without the privity or knowledge of such owner or owners, and he or they shall desire to claim the benefit of limitation of liability provided for in the third and fourth sections of the act of March 3, 1851, entitled 'An act to limit the liability of shipowners and for other purposes,' now embodied in sections 4283 to 4285 of the Revised Statutes, the said owner or owners shall and may file a libel or petition in the proper District Court of the United States, as hereinafter specified, setting forth the facts and circumstances on which such limitation of liability is claimed, and praying proper relief in that behalf; and thereupon said court, having caused due appraisement to be had of the amount or value of the interest of said owner or owners, respectively, in such ship or vessel, and her freight, for the voyage, shall make an order for the payment of the same into court, or for the giving of a stipulation, with sureties, for payment thereof into court whenever the same shall be ordered; or if the said owner or owners shall so elect, the said court shall without such appraisement, make an order for the transfer by him or them of his or their interest in such vessel and freight, to a trustee to be appointed by the court under the fourth section of sa'd act; and, upon compliance with such order, the said court shall issue a monition against all persons claiming damages for any such embezzlement, loss, destruction, damage, or injury, citing them to appear before the said court and make due proof of their respective claims at or before a certain time to be named in said writ, not less than three months from the issuing of the same; and public notice of such monition shall be given as in other cases, and such fur-