UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------X    Civil Action
COMPLAINT OF VIKING POWER, LLC                                   Case 1:21-cv-12081-NMG
FOR EXONERATION FROM OR
LIMITATION OF LIABILITY,                                         **ANSWER AND CLAIM**
CIVIL AND MARITIME
------------------------------------------------------------X

Claimant, ATLANTIC SPECIALTY INSURANCE COMPANY as subrogee of NEW BEDFORD, INC., by and through its attorneys Sloane & Walsh, LLP, as and for its answer to the complaint of, and claim against, Petitioner VIKING POWER, LLC, alleges upon information and belief, as follows:

## ANSWER TO COMPLAINT

1. Paragraph one (1) is a conclusion of law for which no response is required.

2. Paragraph two (2) is a conclusion of law for which no response is required

3. Denies the knowledge or information sufficient to form a belief as to the allegations contained in paragraph three (3).

4. Denies the knowledge or information sufficient to form a belief as to the allegations contained in paragraph four (4).

5. Denies the knowledge or information sufficient to form a belief as to the allegations contained in paragraph five (5).

6. Denies the knowledge or information sufficient to form a belief as to the allegations contained in paragraph six (6).

7. Denies the allegations contained in paragraph seven (7).

8. Admits the allegation as to notice to Atlantic Specialty Insurance Company's corporate parent, and denies the knowledge or information sufficient to form a belief as to the allegations contained in paragraph eight (8).

9. Denies the allegations contained in paragraph nine (9).

10. Denies the knowledge or information sufficient to form a belief as to the allegations contained in paragraph ten (10).

11. Denies the allegations contained in paragraph eleven (11).

12. Denies the allegations contained in paragraph twelve (12).

13. Denies the allegations contained in paragraph thirteen (13) except where a conclusion of law is stated, for which no response is required.

14. Denies the allegations contained in paragraph fourteen (14).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Petitioner failed to exercise due diligence to make its vessel seaworthy by, *inter alia*, failing to ensure the vessel was operated properly, ensure the vessel was properly equipped, and ensure that it was properly maintained: all of which rendered the vessel unfit and unseaworthy and which render petitioner liable for claimant's damages.

### SECOND AFFIRMATIVE DEFENSE

Petitioner breached its duty of care under applicable law resulting in the subject fire, and plaintiff is liable to the claimant.

### THIRD AFFIRMATIVE DEFENSE

The losses, damages, and expenses suffered by claimant resulted from faults, causes or omissions within the privity and knowledge of Petitioner and/or its agents, employees and/or such persons whose privity and knowledge are imputable to Petitioner.

### FOURTH AFFIRMATIVE DEFENSE

Petitioner had knowledge of and personally participated in the events that caused or contributed to claimant's losses, damages, and expenses, and Petitioner is not entitled to protection under 46 U.S.C. §30501 *et. seq.*

### FIFTH AFFIRMATIVE DEFENSE

Claimant incorporates by reference as if set forth verbatim its claim for relief as asserted herein.

### CLAIM FOR RELIEF

### THE PARTIES

1. At all times hereinafter mentioned, claimant ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC") was and now is a corporation or other business entity organized and existing by virtue of the laws of the State of New York, with an office and principal place of business at 605 Highway North, Suite 800, Plymouth, MN 55441.

2. At all relevant times, ASIC was and is duly authorized to underwrite insurance policies in the State of Massachusetts.

3. ASIC issued a policy of marine insurance to NEW BEDFORD, INC. ("New Bedford") insuring her vessel: a 2005 27-foot Stanley Landing "M/V CROW ISLAND".

4. Upon information and belief, Petitioner VIKING POWER, LLC was and now is a limited liability corporation existing by virtue of the laws of the state of Florida.

5. Upon information and belief, Petitioner is the owner or is otherwise responsible for the vessel identified as "M/Y MISS DUNIA".

## JURISDICTION AND VENUE

6. This is an admiralty and maritime claim pursuant to Rule 9(h). The underlying incident involves a maritime tort occurring on navigable waters.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333, which provides the district courts with jurisdiction over any civil case of admiralty or maritime jurisdiction.

8. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this district.

## CLAIMS

9. On August 30, 2021, Petitioner's vessel MISS DUNIA and New Bedford's vessel CROW ISLAND were docked at Fleet Marina in New Bedford, MA.

10. On August 30, 2021, a fire ignited onboard Petitioner's vessel.

11. The fire and heat onboard Petitioner's vessel caused extensive damage to the nearby CROW ISLAND and the contents onboard.

12. Petitioner is responsible for the maintenance, operation, control and/or management of its vessel, MISS DUNIA, and had a duty to the owners of the other vessel owners and their insurers at Fleet Marina to man, operate, and maintain the MISS DUNIA in such a way as to avoid causing damage to the other vessels.

13. The aforesaid fire was caused by Petitioner's fault, neglect, carelessness, recklessness and/or lack of due care, and all such acts, omissions and conditions existed before the ignition of the fire and were all within the privity and/or knowledge of Petitioner.

14. The aforesaid fire was due to the unseaworthiness of Petitioner's vessel MISS DUNIA, and such unseaworthiness existed before the ignition of the fire and was within the privity and/or knowledge of Petitioner.

15. The damage to the CROW ISLAND was caused by Petitioner 's aforementioned acts and/or omissions, and/ or other acts and/or omissions to be learned of in the course of discovery.

16. ASIC will also rely upon *res ipsa loquitor*.

17. As a result of the August 30, 2021, fire, ASIC indemnified NEW BEDFORD for the damage to the CROW ISLAND in the total amount of at least $47,000 net of salvage.

**WHEREFORE**, claimant ATLANTIC SPECIALTY INSURANCE COMPANY, respectfully requests the following:

   a. That Petitioner's request for Exoneration from or Limitation of Liability be denied in its entirety;

   b. That a judgment be entered in favor of claimant ATLANTIC SPECIALTY INSURANCE COMPANY against Petitioner in the amount of at least $47,000.00, with pre-judgment interest, attorney fees and the costs and disbursements of this action; and

   c. For such other, additional, and further relief the Court deems just and equitable.

Respectfully submitted,
*Attorneys for Claimant*
*ATLANTIC SPECIALTY INSURANCE COMPANY*
By its attorney,

*/s/ Matthew D. Rush*

_____
Matthew D, Rush, Esq., BBO# 669990
Sloane & Walsh, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, Massachusetts 02108
Tel: 617-523-6010
Fax: 617-227-0927

Dated: July 29, 2022                  mrush@sloanewalsh.com

## CERTIFICATE OF SERVICE

      I, Matthew D. Rush, Esq. hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated on non-registered participants on July 29, 2022.

                                                      */s/ Matthew D. Rush*
                                                        Matthew D. Rush